### SCHLIENTZ *v.* SCHLIENTZ.

1. DIVORCE—PROPERTY SETTLEMENT—EQUITY.

Property settlement in suit for divorce as adjudged by trial court *held,* equitable under record presented where it appears that plaintiff wife, to whom $1,500 equity in farm being purchased on land contract had been awarded, had made most of the payments on the contract, and defendant husband had been awarded a 1941 automobile and crate-making machinery and tools.

2. SAME—HUSBAND'S ATTORNEY'S FEE—BRIEF—STATEMENT OF QUESTIONS INVOLVED.

Provision of decree of divorce whereby plaintiff wife was ordered to pay $100 for husband's attorney fee is ordered vacated upon wife's prayer for such relief in her brief, notwithstanding question was not raised in statement of questions involved (Court Rule No 67 [1945]).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation, §§ 445, 448.

Appeal from Kent; Brown (William B.), J.  Submitted October 10, 1950.  (Docket No. 69, Calendar No. 44,841.)  Decided December 5, 1950.

Bill by Agnes C. Schlientz against Floyd H. Schlientz for divorce on ground of extreme and repeated cruelty.  Decree for plaintiff.  Defendant appeals.  Modified and affirmed.

*Ralph M. Bahna,* for plaintiff.

*John M. Dunham* (*Hugh T. Nowak,* of counsel), for defendant.

BUSHNELL, J.  Defendant Floyd H. Schlientz has appealed from a decree of divorce, claiming that "the facts and the equities require a more equitable distribution" of property "to both parties."  The trial judge awarded the entire equity in a farm, all of the household goods, and a 1946 Chevrolet automobile to plaintiff Agnes C. Schlientz.

Defendant was awarded a 1941 Plymouth automobile, certain tools and machinery used by him in the business of manufacturing crates, together with all completed crates.  Plaintiff was required to pay the sum of $100 for the use and benefit of defendant's attorney.

The parties in 1941 purchased on land contract farm property near Ada, Michigan, for $2,900.  At the time of trial there was a balance of $1,400 due on this contract.

The trial judge did not file a written opinion, but at the close of the testimony made a lengthy statement on the record.  In it he said very little about the property settlement.

The testimony shows that since 1942 plaintiff made almost all the payments on the land contract, and this was admitted by defendant when he was cross-

·examined. The. property settlement as adjudged in the decree is supported by the testimony. The record does not show that the property settlement was inequitable, nor are we inclined to substitute our judgment for that of the trial judge. See authorities ·cited in *Sickrey* v. *Sickrey, ante,* p 51.

Plaintiff made a counter statement of the questions involved in which she recited the details of the property settlement. She concluded her counter ·statement with the assertion that "upon these facts" the settlement was not a miscarriage of justice. In her argument under the title, "Conclusion and Relief Prayed," she asks—

"that the decree be modified only so as to relieve plaintiff from paying the $100 to defendant's attorney and from turning over and giving to defendant her 1934 Plymouth automobile."

It is unusual practice to require a wife to pay all or a part of her husband's attorney fee. Although the question argued was not raised in the statement of questions involved, we are constrained to modify the decree by vacating that part respecting the payment of $100. See Court Rule No 67 (1945).

The decree as modified is affirmed. Costs to appellee.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.